IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

TOMMY L. COPLEY,

       Plaintiff,

V.                                          CIVIL ACTION NO. 3:07-0428

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM ORDER**

      In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

      Plaintiff filed his application on September 8, 2004, alleging disability as a consequence of PTSD, anxiety, agoraphobia, depression, fatigue, lung disease, vision problems, pinched nerve and neck and back injuries. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

      At the time of the administrative decision, plaintiff was forty-four years of age and had a high school equivalent education. He has no past relevant employment experience. In his decision, the


administrative law judge concluded that plaintiff suffers from "obesity, degenerative disc disease, arthralgia, right shoulder impingement syndrome with history of rotator cuff tear/repair, chronic obstructive pulmonary disease, and left eye blindness," impairments which he found to be severe. Concluding that plaintiff had the residual functional capacity for a limited range of light level work and relying on Rule 202.20 of the Medical-Vocational Guidelines[1] and the testimony of a vocational expert, the administrative law judge found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff contends that the administrative law judge failed to properly consider his combination of impairments. Specifically, plaintiff stated that the administrative law judge did not adequately consider his shoulder impairment, breathing impairment, radiculopathy/leg problems, and memory problems.

> The Social Security regulations provide:
>
> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 416.923; *see also* Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

Plaintiff acknowledged that the administrative law judge mentioned his shoulder impairment, and in fact considered it a severe impairment. However, plaintiff alleged that the administrative law

---

[1] 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 2.

judge did not place any specific limitations on him as a result of this impairment, and he believed that it should have been considered to limit his ability to handle, feel, and reach. The administrative law judge found that plaintiff will likely have difficulty reaching overhead following his shoulder surgery, but noted nothing in the record to indicate any limitations on his fine/gross manipulation. This finding is consistent with the evidence as no physician has ever noted any limitation on plaintiff's ability to handle or feel. On examination plaintiff has shown normal grip strength and range of motion, and was capable of writing with either hand and was able to pick up coins without difficulty.

     Next, plaintiff states that the administrative law judge should have also restricted him from working in humid conditions because of his breathing impairment. Dr. Nutter, a state agency physician, performed a pulmonary function test which revealed normal functioning. Dr. Franyutti, a state agency physician, completed a residual functional capacity assessment and found plaintiff's only environmental limitation was to avoid concentrated exposure to extreme cold. It is clear the administrative law judge considered plaintiff's chronic obstructive pulmonary disease, and found it to be a severe impairment. His findings reflect that plaintiff should avoid extreme heat and cold, fumes, odors, gases, and irritants. Again, there is no evidence to substantiate plaintiff's claims that he should be restricted from working in humid conditions.

     Additionally, plaintiff alleges that the radiculopathy in his legs would prevent him from being able to stand for six hours a day. The administrative law judge noted that plaintiff had both cervical and lumbar radiculopathy that affected his upper and lower extremities, and found this to be a severe impairment. As plaintiff pointed out, Dr. Nutter found he walked with a limp, however, he also

noted plaintiff did not require an assistive device to ambulate; his gait was not unsteady, lurching or unpredictable; leg strength was normal, except in the left hip which was rated at 4/5; and he was able to walk on his heels and toes and to squat. Dr. Franyutti found that plaintiff was capable of standing and walking for six hours of an eight hour workday. Plaintiff was seen by Dr. Triplett for pain in his heels, and received injections in both feet to help ease his discomfort. She advised him to use ice twice a day, not walk around barefoot, explained the need for support shoes, and prescribed Mobic. Dr. Triplett noted that at his follow-up appointment plaintiff was not wearing the support shoes as she advised, and he did not take the Mobic she prescribed, but instead only took Aleve. The administrative law judge clearly took his radiculopathy into account when determining plaintiff's functional abilities, and found that despite this severe impairment he was still capable of light level work with limitations on his ability to climb, balance, stoop, bend, crouch, and crawl.

Plaintiff also asserts that his memory loss was not properly considered by the administrative law judge. This argument is without merit as the administrative law judge explicitly stated that he "afforded the claimant the maximum benefit of doubt with regard to his mental impairment," and adopted the most restrictive limitations of record as assessed by Dr. Frederick. These limitations included fair ability to understand, remember, and carry out complex job instructions; good ability to understand, remember, and carry out detailed but not complex job instructions; and unlimited ability to understand, remember and carry out simple job instructions. Based on the foregoing, it is clear that the administrative law judge considered and took into account plaintiff's non-severe mental impairment when formulating his residual functional capacity.

Lastly, plaintiff alleges that the administrative law judge made a faulty credibility assessment. The regulations describe a two-step process for evaluating symptoms.[2] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[3] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[4] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce his alleged symptoms, the administrative law judge assessed the plaintiff's credibility, concluding that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. The administrative law judge made this credibility determination after considering each of the seven factors listed in SSR

---

[2] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[3] Id.

[4] Id.

96-7p.[5] In considering the first factor, the administrative law judge noted that plaintiff was able to care for his personal care needs and attempted to do some chores around the house. Second, his pain was mostly located in his neck and back, and he sometimes experienced a burning sensation in his feet. Third, heat, physical exertion, deodorants, and perfume aggravated his breathing impairment; and his back pain was noted to be aggravated by lifting and extended sitting and standing. Fourth, plaintiff was taking Flovent, Albuterol, and Singulair for treatment of his breathing impairment; and he was taking Vicodin and Neurontin for his pain. The administrative law judge noted plaintiff's testimony that he attempted physical therapy that was not beneficial, that he received injections in his feet that were somewhat helpful, but were discontinued because of an insurance problem, and that he wore soft boots and shoe inserts to help relieve his foot pain.

After considering the relevant factors and the entire record, the administrative law judge found several inconsistencies between plaintiff's statements and the evidence. He noted that plaintiff's treatment for his back and neck was modest, and that he had not required more aggressive pain management or surgical intervention. He was capable of ambulating without assistance, and there was no evidence of rheumatoid arthritis, muscle atrophy, or significant weakness. His pulmonary symptoms were improved with proper adherence to his treatment regimen, and he had not required urgent care or inpatient management of his symptoms. Based on the foregoing, it is

---

[5] See also 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms

6

clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

      ENTER: August 31, 2009

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE